IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2009

## STATE OF TENNESSEE v. SONNY DEAN FARROW

**Appeal from the Circuit Court for Jefferson County**
**No. 7425    O. Duane Slone, Judge**

---

### No. E2008-00961-CCA-R3-CD - Filed November 30, 2009

---

The Defendant, Sonny Dean Farrow, pled guilty in the Jefferson County Circuit Court to aggravated burglary and theft, receiving a sentence of six years on supervised probation. Following the filing of several probation violation warrants and finding that the Defendant violated the terms of his probationary sentence, the trial court revoked his probation and ordered the Defendant to serve the balance of his sentence in custody. In this appeal as of right, the Defendant contends that the trial court abused its discretion by ordering the Defendant to serve his sentence. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Edward C. Miller, District Public Defender; Ronald P. Smith, Assistant District Public Defender, attorneys for appellant, Sonny Dean Farrow.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James B. Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

On October 7, 2002, the Defendant pled guilty as a Range II, multiple offender to aggravated burglary and theft of property valued at over one thousand dollars. In exchange for his guilty plea, the trial court sentenced the Defendant to six years of supervised probation. The judgments also reflect that the probationary sentence was to be served consecutively to a sentence of incarceration

in an unrelated case.  The Defendant's history of probation supervision reflects that the Defendant was released from prison on July 9, 2007 to begin service of the probationary sentence.[1]

On October 5, 2007, a probation violation warrant issued alleging that the Defendant violated the terms of his probationary sentence by his arrest for domestic assault and unapproved change of residence outside the county.  The trial court found that the Defendant had violated the terms of his probation in both respects and returned the Defendant to supervised probation with the time for the violation already served and with the additional conditions that the Defendant complete an alcohol and chemical dependency assessment, maintain employment, and adhere to a curfew.  On January 14, 2008, a second probation violation warrant issued alleging that the Defendant violated the terms of his probation by failing to report a new arrest for criminal trespassing and violating his curfew as evidenced by his arrest at 1:45 a.m. on the night of the incident.  An amended probation violation warrant was filed on January 28, 2008, alleging that the Defendant had been arrested for domestic assault on January 15 and again failed to report the arrest to his probation officer.  Subsequently, on March 24, 2008, a second amended probation violation warrant issued alleging that the Defendant had been arrested and pled guilty to criminal impersonation and public intoxication.  These offenses also occurred at 2:22 a.m. in violation of the curfew previously imposed as a condition of probation.

The Defendant's probation officer, Amber D. Wilson, testified at the revocation hearing that the trial court found that the Defendant had violated his probation in December 2007 and returned the Defendant to supervised probation with additional conditions.  She testified that the Defendant had been arrested three more times, with all the arrests occurring after curfew, and that the Defendant had failed to report these arrests or seek alcohol dependency assessment and counseling as previously ordered by the trial court.  The Defendant testified that he has been incarcerated for all but two years since the age of fifteen and believed that he has an "institutionalized mentality."  He admitted that he has a problem with alcohol and expressed his desire and willingness to comply with alcohol dependency treatment if the trial court would return him to probation. When asked by the trial court if he had any explanations for violating curfew as evidenced by his arrests, the Defendant stated that he had none.  The trial court found that the Defendant had violated the conditions of probation and ordered him to serve his sentence in incarceration, stating:

> The Court has tried to work with [the Defendant], has given him an opportunity to deal with his addiction issues.  He's failed to take reasonable steps to help himself.  The Court does find that he is in violation of the conditions of his release; that . . . he has failed the curfew as required.  For that reason, the Court is going to execute his sentence.
>
> . . . .
>
> You've been given the opportunity to stay out of custody basically to where I could keep you away from the things that tend to get you in trouble.  You didn't

---

[1] The supervision history also reflects that the Defendant was initially paroled in March 2005 only to have his parole revoked in October 2005.

take advantage of that. So that's the reason you are going to have to serve time. I don't know, but more than likely you'll be headed to the penitentiary, but they'll be able to offer you some services there that you apparently haven't been able to take advantage of while you were out on your own.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of her release. Tenn. Code Ann. § 40-35-311(e). A trial court is not required to find that a violation of probation occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). The evidence need only show that the court has exercised conscientious judgment in making the decision and has not acted arbitrarily. Id. Our standard of review on appeal is whether the trial court abused its discretion in finding that a violation of probation occurred. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In order to conclude that the trial court abused its discretion, there must be no substantial evidence to support the determination of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The Defendant argues that the trial court abused its discretion by ordering him to serve his sentence in confinement. He also argues that the trial court should have ordered him to complete an inpatient alcohol treatment program as an additional condition to further probation. The State asserts that the record supports the revocation of probation and that the trial court did not abuse its discretion in ordering the Defendant to serve his sentence in confinement.

The record reflects that the Defendant violated his conditions of probation as evidenced by his numerous arrests that occurred after curfew. The Defendant continued to commit these violations after the trial court's initial revocation of his probation returned him to probation. The Defendant's argument that the trial court should have ordered inpatient alcohol treatment as an additional condition of probation is unpersuasive in light of the Defendant's failure to seek alcohol treatment when such a condition was imposed after his first probation violation. Under these circumstances, we conclude that the trial court exercised conscientious judgment in revoking the Defendant's probation and did not abuse its discretion. Accordingly, the judgment of the trial court is affirmed.

CONCLUSION

Based upon the foregoing, the judgment of the trial court revoking the Defendant's probation and ordering the service of his sentence in confinement is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE